Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001116
05-FEB-2016
10:22 AM

NO. CAAP-14-0001116

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
IN KUK SONG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCW-13-0000044)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant In Kuk Song (**Song**) appeals from the
Notice of Entry of Judgment and/or Order, filed on September 10,
2014 (**Judgment**), in the District Court of the First Circuit,
Honolulu Division (**District Court**).[1]

On January 3, 2013, Song was charged with three counts
of Sexual Assault in the Fourth Degree, in violation of Hawaii
Revised Statutes (**HRS**) § 707-733(1)(a) (2014). On May 30, 2013,
Song pled not guilty and demanded a jury trial. The case was
committed to the Circuit Court of the First Circuit (**Circuit
Court**). After a June 13, 2013 hearing at which Song voluntarily

---

[1] The Honorable James H. Ashford presided.

relinquished his right to a trial by jury,[2] and elected to be tried in the District Court, the case was remanded to the District Court.

On February 13, 2014, Song pled no contest, waived trial, and requested a deferral. Song was convicted of three counts of Sexual Assault in the Fourth Degree. Song's request for a deferral was denied, Song was sentenced to one year probation for each count (concurrent), two days jail for each count (concurrent), psychosexual evaluation and treatment, if necessary, and registration as a sex offender. After the District Court denied Song's request for a deferral and imposed a sentence, Song requested a trial. The request for a trial was denied.

On February 19, 2014, through newly-retained counsel, Song filed a Motion to Withdraw No Contest Plea. After an evidentiary hearing, which was conducted on June 17, 2014, August 13, 2014, September 3, 2014, and September 10, 2014, Song's Motion to Withdraw No Contest Plea was denied.

On appeal, Song contends that: (1) Song did not knowingly, voluntarily, and intelligently waive his right to a jury trial; (2) the District Court erred in denying his Motion to Withdraw No Contest Plea on the grounds that there was a requisite showing of manifest injustice; and (3) Song received ineffective assistance of counsel leading up to and during his no contest plea.

---

[2] The Honorable Richard K. Perkins presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Song's contentions as follows:

(1) On May 30, 2013, Song appeared in District Court, pled not guilty to the charges, and demanded a jury trial. After the case was committed to the Circuit Court, Song waived his right to a jury trial on June 13, 2013, and the case was remanded back to the District Court on June 27, 2013. During a hearing on October 16, 2013, Song claimed that he did not understand that he was waiving his right to a jury trial and informed the District Court that he wanted a jury trial. After a hearing on December 16, 2013 the District Court denied Song's Motion to Withdraw Jury Waiver.

"[T]he validity of the waiver of a right to a jury trial is reviewed under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." State v. Gomez-Lobato, 130 Hawai'i 465, 470, 312 P.3d 897, 902 (2013) (citation and internal quotation marks omitted). Citing United States v. Duarte-Higareda, 113 F.3d 1000, 1102 (9th Cir. 1997), the court in Gomez-Lobato stated that in determining whether a defendant has knowingly, voluntarily, and intelligently waived the right to a jury trial, the court may inform the defendant that: (1) a jury is composed of twelve members of the community; (2) the defendant may take part in jury selection; (3) a jury verdict must be

unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial. Id. However, the four-factor, Duarte-Higareda colloquy is not required and only provides guidance on whether the right to a jury trial was knowingly, voluntarily, and intelligently waived. Id. at 471, 312 P.3d at 903.

The transcript of the June 13, 2013 hearing shows that Song knowingly, voluntarily, and intelligently waived his right to a jury trial. During a colloquy in which the Circuit Court directly addressed Song, with the aid of an interpreter, Song admitted that he signed a form waiving his right to a jury trial after going over the form with the interpreter. Song stated that he was 57 years old, lived in the United States for twenty-nine years, and went to high school in South Korea. Song next stated that his mind was clear and he was not under the influence of any medication, alcohol, or drugs. Song denied that he was under treatment for mental illness. After Song stated that he did not meet with his attorney, a recess was taken, and Song consulted with his attorney on the matter. Song then stated, after the charges were explained to him by his attorney, that he understood the charges. Song agreed that he understood that he had a right to a jury trial and no one could force him to give up that right. Song confirmed that he understood that in a jury trial, a jury of twelve people from the community would decide whether he was guilty or not guilty, all twelve people on the jury had to agree, he would be allowed to help pick the people on the jury, trial would not increase his sentence or punishment, and that if he

gave up his right to a jury trial that a single judge alone would decide his guilt or innocence. Song also confirmed that if he gave up his right to a jury trial that he could not change his mind later and denied that anyone was threatening, pressuring, or forcing him to give up his right to a jury trial. Song agreed that he understood everything that was talked about. When Song was first asked if he had any questions, he stated that he wanted to say something. It appears that his counsel directed Song to ask her questions, and after Song conferred with her, Song's counsel stated that they would talk later about something. Song then stated to the court: "Ok. I wanted a single judge." The Circuit Court then again asked if Song had any questions and Song replied no. Song then responded affirmatively when asked whether he was giving up his right to a jury trial, and the Circuit Court found that he knowingly, voluntarily, and intelligently waived his right to a jury trial.

The Circuit Court's colloquy included advising Song of the four Duarte-Higareda factors. The Circuit Court inquired about Song's background and education. Song also conferred with his attorney during the colloquy and confirmed that he did not have any questions after doing so. A review of the hearing demonstrates that there was no evidence that he did not understand that he was waiving his right to a jury trial or that he did not understand the proceeding due to the Korean interpreter that was provided. Based on the record, and under the totality of the circumstances, it appears that Song

5

knowingly, voluntarily, and intelligently waived his right to a jury trial.

"Generally, [w]here it appears from the record that a defendant has voluntarily waived a constitutional right to a jury trial, the defendant carries the burden of demonstrating by a preponderance of the evidence that his/her waiver was involuntary." State v. Baker, 132 Hawai'i 1, 6, 319 P.3d 1009, 1014 (2014) (citation and internal quotation marks omitted). During the hearing on Song's Motion to Withdraw Jury Waiver, Song claimed that he did not understand the seriousness of the offense, he did not understand that he was waiving his right to a jury trial, that he did not speak English very well, and his daughter advised him to waive his right to a jury. Song's contentions are contradicted by the colloquy conducted on June 13, 2013. Song was also provided an interpreter during all appearances before the court. Therefore, Song failed to demonstrate by a preponderance of the evidence that his waiver was involuntary.

(2 & 3) Song argues that the District Court erred by denying his Motion to Withdraw No Contest Plea because he did not understand that he could have had a trial simply by asking, he was misled into believing that he had to enter a guilty plea or hire private counsel in order to proceed to trial because his court-appointed attorney would not handle a trial, and his court-appointed attorney provided ineffective assistance of counsel regarding his no contest plea. Song contends that his attorney's failure to be ready for trial on January 24, 2014, failure to

subpoena witnesses, and failure to conduct an adequate investigation of the facts, and his attorney's alleged misleading of the court into believing that Song wanted to fire his court-appointed attorney and retain private counsel, are specific acts or omissions that demonstrate a lack of skill, judgment, or diligence that resulted in the withdrawal or substantial impairment of a potentially meritorious defense. Song further contends that he was deprived of his right to dictate or devise a trial strategy because he was denied the opportunity to have a trial.

Song's February 13, 2014 no contest plea was entered well after his Motion to Withdraw Waiver of Jury Trial was denied on December 16, 2013. Song's claim that he did not understand that he was entitled to a trial when he entered his no contest plea is particularly unavailing in light of his extensive prior testimony about withdrawing his waiver of a jury trial, as well as the District Court's extensive inquiry into his plea waiver.

Song's court-appointed attorney, Tae Won Kim (**Kim**), testified, *inter alia*, that Song wanted an assurance of the outcome if he changed his plea and that the issue of Song retaining private counsel arose after Kim would not guarantee the outcome. Kim also stated that he conducted over 100 non-jury trials and told Song several times that he would take the case to trial. The District Court found Kim credible and Song not credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of

7

fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citations, internal quotation marks and brackets omitted; block quote format changed).

Song did not demonstrate that he was provided with ineffective assistance of counsel. Kim was appointed on December 26, 2013, after the Office of the Public Defender withdrew. Trial had been scheduled for January 24, 2014, after Song's Motion to Withdraw Jury Trial Waiver was denied on December 16, 2013. On the morning of January 24, 2014, court minutes indicate that the case was rescheduled for the afternoon because of court congestion.[3] When the case was called in the afternoon, Kim stated that he had not completed his investigation, having been appointed one month earlier, so he was not prepared to proceed to trial. Kim also reported that Song wanted to retain private counsel. The case was continued and Song was ordered to appear with counsel on February 12, 2014, for a status hearing. Trial was set for March 7, 2014. Kim's lack of preparation for trial on January 24, 2014, does not constitute a withdrawal or substantial impairment of a potentially meritorious defense because the trial was continued to March 7, 2014. Also, Kim testified that he had told Song that he was having a hard time contacting the defense witnesses, and asked Song to tell them to contact Kim to meet with him. Thus, it appears that Kim did attempt to investigate the facts of the case prior to the March 7, 2014, trial date.

---

[3] No transcript for the morning of January 24, 2014, is in the record on appeal.

Kim did not mislead the court into believing that Song wanted to change his counsel. On January 24, 2014, the District Court addressed Song personally by asking whether he wanted to hire a new attorney and Song responded "Yes." Song confirmed that he no longer wanted Kim as his court-appointed attorney and had asked another private attorney to represent him. At the no contest plea hearing, Song informed the court that he had decided he did not want private counsel and that he was satisfied with Kim representing him.

Song was not deprived of his right to dictate trial strategy. Song waived that right when he entered his no contest plea on February 13, 2014. Song failed to demonstrate manifest injustice that entitled him to withdraw his no contest plea.

For these reasons, the District Court did not err by denying Song's Motion to Withdraw No Contest Plea.

Accordingly, the District Court's September 10, 2014 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, February 5, 2016.

On the briefs:

Mark S. Kawata,
Colleen Mari Jones,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

9